**NOTICE TO COUNSEL**
**SCHEDULING AND DISCOVERY POLICY**

1. A Preliminary Pretrial Conference as described in Fed. R. Civ. P. 16(a), (b) and (c) will be held, usually by telephone, approximately 60 to 90 days after an action is filed, or shortly after a case is reassigned to my calendar.

2. Motions to dismiss, amend, transfer, add parties and other threshold motions should be filed, whenever possible, before the Conference.

3. The Conference will take approximately 30 minutes. If it is truly impossible for trial or substitute counsel to attend the Conference, please call to reschedule.

4. At the Conference the following matters will be considered. Counsel are required to discuss these topics among themselves prior to the Conference and attempt to agree on dates.

    A. Jurisdictional defects, if any;

    B. Prospects of settlement;

    C. Establishing schedules for remaining pretrial proceedings including discovery, dispositive motions, pretrial filings, exchange of exhibits, exchange of expert reports, etc.; and

    D. Setting a date for trial.

5. No further conferences will be held unless requested by counsel for exploration of settlement or for trial management or preparation purposes, which are encouraged, provided counsel believe they will be useful.

6. In an uncomplicated case, discovery should be completed within 120 days after appearances have been filed for all defendants. The date for completing discovery will be set at

the Preliminary Pretrial Conference. In more complex cases, following the Conference, counsel will be directed to file a joint discovery schedule setting forth the dates, time intervals and subjects of discovery to be completed by the deadline.

7. The discovery deadline means that, unless otherwise specified, all reasonably foreseeable fact and expert discovery must be served, noticed and completed by that date. Discovery may take place thereafter only by agreement of the parties, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted; provided however, that the Court will not entertain Motions to Compel discovery after the deadline date for the failure to timely serve the discovery or file such Motion before the deadline (absent a showing of good cause).

8. When discovery is not forthcoming after a reasonable attempt has been made to obtain it, the immediate assistance of the Court should be sought. See Local Rule 26.1(f). The Court encourages the resolution of discovery Motions by telephone conference. Discovery Motions may be disposed of promptly, even before a response is filed.

9. Requests for extension of deadlines, including discovery deadlines or trial pool entry dates, may be made by letter, stating the reasons and noting the agreement or disagreement of all other counsel, or by telephone conference with all counsel participating. Other requests for court action shall be made by Motion and filed with the clerk.

10. The filing of a Pretrial Memorandum as described in Local Rule 16.1(c) will be required. The requirements of Local Rule 16.1(d)(2) will only be utilized when specially ordered by the Court.

11. After arbitration, requests for trial *de novo* will result in the case being placed in

the trial pool promptly.  No discovery will be allowed after the arbitration except by order of the Court upon good cause shown as to why the discovery requested could not have been reasonably anticipated and completed prior to the arbitration.

      12.    Unexcused violations of scheduling orders are subject to sanctions under Fed. R. Civ. P. 16(f), upon Motion or the initiative of the Court.

      13.    Telephone calls to law clerks are discouraged.  Law clerks are not permitted to render advice and have no authority to grant continuances or to speak on behalf of the Court.  All scheduling matters may be discussed with the Deputy Clerk.

                                                **MICHAEL M. BAYLSON, J.**

O:\forms\notice to counsel scheduling & discovery policy.wpd